UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TAMARA MITCHELL, | Case No. 11-15592 |
| Plaintiff, | Arthur J. Tarnow |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

# REPORT AND RECOMMENDATION
## MOTION TO DISMISS (Dkt. 6)

**I.    PROCEDURAL HISTORY**

   A.    Proceedings in this Court

On December 21, 2011, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Arthur J. Tarnow referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of supplemental security income benefits. (Dkt. 3). This matter is before the Court on defendant's motion to dismiss. (Dkt. 6). Plaintiff filed a response on March 10, 2012. (Dkt. 7). Defendant filed a reply on March 16, 2012, along with the transcript. (Dkt. 8, 9).

B.  Administrative Proceedings

Plaintiff filed the instant claims on February 4, 2010 on behalf of her minor child, alleging a disability onset date of October 22, 2009. (Dkt. 9-5, Pg ID 97-104). The claim was initially disapproved by the Commissioner on June 21, 2010. (Dkt. 9-4, Pg ID 62-65). The determination letter stated that if plaintiff disagreed with the determination, plaintiff had the right to request a hearing and that such a request must be completed within 60 days of receiving the letter. *Id.* Plaintiff requested a hearing on October 19, 2010. (Dkt. 94- Pg ID 72). On June 2, 2011, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Daniel Berk and testified as to why she had not filed a timely request for hearing. (Dkt. 9-2, Pg ID 50-58). In a decision dated July 28, 2011, the ALJ dismissed plaintiff's request for hearing on her application. (Dkt. 9-2, Pg ID 40-41). Plaintiff requested a review of this decision on August 8, 2011. (Dkt. 9-2, Pg ID 36). The Appeals Council, on October 21, 2011, denied plaintiff's request for review. (Dkt. 9-2, Pg ID 33-34).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

II.  PARTIES' ARGUMENTS

Defendant argues that the Court should dismiss plaintiff's complaint for lack of subject matter jurisdiction because plaintiff has not received a "final

decision of the Commissioner made after a hearing" as required to obtain judicial review under 42 U.S.C. § 405(g). The Commissioner explains that, on June 21, 2010, the Agency sent a letter to plaintiff informing her that it had denied her application for SSI. (Tr. 27-31). In the letter, the Agency explained that if plaintiff disagreed with the determination, she had the right to request a hearing before an ALJ and that she was required to request such a hearing within 60 days of receiving the letter. (Tr. 30). The Agency's letter also indicated that it would assume that plaintiff received the letter on June 26, 2010. (Tr. 30). Therefore, the Commissioner contends that plaintiff was required to submit a request for a hearing by August 25, 2010 and plaintiff did not do so.

     The Commissioner further explains that, on June 2, 2011, an ALJ held a hearing to gather evidence regarding whether plaintiff had good cause for not timely filing a request for a hearing. (Tr. 18-26). On July 28, 2011, the ALJ dismissed plaintiff's request for a hearing on her application for SSI. (Tr. 5-9). Plaintiff requested review of the ALJ's dismissal order on August 8, 2011, and the Appeals Council denied plaintiff's request for review of that dismissal order on October 21, 2011. (Tr. 1-4). Based on the foregoing, the Commissioner contends that the ALJ's July 28, 2011 dismissal is binding because it was not vacated by an ALJ or the Appeals Council, and therefore, plaintiff does not have a decision by the ALJ after a hearing, as required by the Act, which mandates dismissal.

In response, plaintiff argues that the final determination after the hearing of SSA was made when SSA refused to review the dismissal at the Appeals Council. Plaintiff further argues that defendant is purposely and willfully acting to deny plaintiff his due process rights under the United States Constitution. Further, plaintiff contends that defendant has not filed a transcript in this matter making it impossible to adequately respond to the motion to dismiss.

According to plaintiff, courts have consistently agreed that defendant's narrow reading of the statute is incorrect. Plaintiff cites *McNatt v. Apfel*, 201 F.3d 1084 (9th Cir. 2000), for the proposition that the meaning of the word "hearing" in § 405(g) is so that the claimant does not purposely try to circumvent the administrative process. In this case, plaintiff contends that she was at the time and place for a hearing and the ALJ purposely did not hold the hearing on the merits; thus, *McNatt* controls. In *McNatt*, the court held "that when a claimant has appeared before the ALJ and sought a continuance of his or her hearing, and when the ALJ's decision denying the claim is final except for modification or reversal on appeal, claimant has had a hearing within the meaning of § 405(g). We therefore conclude that McNatt is seeking judicial review of a 'final decision . . . made after a hearing,' and that the district court had jurisdiction to review the decision of the ALJ." Plaintiff further contends that SSA regulations clearly state that the ALJ will make a hearing for good cause of untimely filing in a timely matter. Citing,

HALLEX 1-2-1-55.

Further, the hearing notice ought to clearly state the purpose for the hearing so as not to confuse the claimant "as to the nature of the hearing." Citing, HALLEX I-2-0-60. Plaintiff points out that the notice provided that the hearing was one in which the disability of her child would be determined, not a hearing based on the matter defendant alleges. Under the "Issues I Will Consider" heading it states "The hearing concerns your application of February 4, 2010, for Supplemental Security Income (SSI)." *Id*. Nowhere in the hearing notice does it state that the subject of plaintiff's hearing will be the reasons for untimely filing. Further, the hearing took place a full 8 months after the request for hearing, which is far more than the regulations allow. For these reasons, plaintiff asks the Court to deny defendant's motion to dismiss.

In reply, defendant argues that the decision made by the ALJ that plaintiff's request for a hearing was untimely was not a final decision under § 405(g) and is, therefore, not reviewable by the Court. Defendant points out that, following the initial denial of plaintiff's claim for benefits, plaintiff was required to request a hearing by an ALJ within a certain period of time in order to preserve her appeals rights and she failed to do so. *See* 20 C.F.R. § 416.1433(b). While she then requested a hearing, she acknowledged that her request was not timely and explained that her request was late because she did not understand the appeals

process and that care for her child had required a significant amount of time. (Tr. 32). At this point, the ALJ could have considered plaintiff's alleged reasons for not filing a timely request for a hearing and made a determination as to whether to dismiss her request for a hearing. And, such a determination would have been plainly unreviewable absent a constitutional concern. *See Hilmes v. Sec'y of Soc. Sec.*, 983 F.2d 67, 69-70 (6th Cir. 1993). Therefore, according to defendant, plaintiff's argument hinges on whether the ALJ's hearing on the limited issue of good cause rendered the dismissal of her request for a hearing on the issue of disability a "final decision of the Commissioner of Social Security made after a hearing." Defendant contends that it did not.

Defendant first points out that the hearing as to good cause was *not* required and plaintiff cites no statutory or regulatory authority for the notion that a hearing was required. The Seventh Circuit has explained, citing 42 U.S.C. § 405(b), that "a request for an extension of time within which to request a hearing may be denied without a hearing." *Watters v. Harris*, 656 F.2d 234, 239 (7th Cir. 1980). While plaintiff cites HALLEX I-2-1-55, 1993 WL 642977 (February 12, 2009) for the notion that an ALJ must quickly hold a hearing to determine whether good cause exists for a claimant's failure to request a hearing as to disability, according to the Commissioner, nothing in this HALLEX provision obligates an ALJ to hold a hearing as to the question of good cause. Rather, HALLEX

I-2-4-15, 1993 WL 643010, at *1 (July 22, 2005), provides that an ALJ *may elect* to obtain evidence at a hearing on the issue of "good cause" for untimely filing.

Regardless, the Commissioner contends that the ALJ's election to give plaintiff the opportunity at a hearing to explain why her hearing request on the issue of disability should not be dismissed did not cause an otherwise unreviewable determination by the Agency to become a reviewable final decision. According to the Commissioner, there is a distinction between a decision made after a hearing required by statute and a determination made after an optional hearing. The Seventh Circuit extensively discussed this distinction in *Watters*, 656 F.2d at 239, n. 10, stating that:

> Although § 405(g) could be interpreted as applying to any final decision of the Secretary that might be handed down after a hearing, whether or not such hearing is required by statute, we think a more reasonable reading of § 405(g) may be that Congress intended it to apply only to a final decision entered after a hearing mandated by statute. The intent was that § 405(g) not apply to decisions which lawfully could have been made without any hearing at all. To construe § 405(g) as granting review of the refusal to extend plaintiff's filing deadline would indicate Congress intended § 405(g) to apply when the Administration agreed to give a claimant the benefit of a hearing on an administrative appeal not required by statute, but not when it had done less in disposing of a request.

The court continued by explaining that a broader reading of 42 U.S.C. § 405(g) could adversely effect claimants as a general matter, because it might deter the

Agency from providing them with a procedural benefit which was not required by statute, given that the nonmandatory hearing would entail judicial review that would not otherwise be available. *Id*. (Quotation omitted). Accordingly, the Commissioner contends that this Court should not find that the ALJ's dismissal is subject to judicial review, simply because the ALJ elected to provide plaintiff with a nonmandatory hearing.

The Commissioner also urges the Court to reject plaintiff's assertion that courts have "consistently agreed" that the Commissioner's interpretation of 42 U.S.C. § 405(g) is "completely incorrect." In support of her argument plaintiff cites only one case, *McNatt v. Apfel*, 201 F.3d 1084 (9th Cir. 2000). However, the Commissioner argues that *McNatt* has no bearing on the issue in this case. In *McNatt*, a claimant was denied benefits and subsequently requested a hearing on that issue before an ALJ. *Id*. at 1086. The claimant did not appear at the scheduled hearing, but his attorney did. *Id*. Because the claimant was not present, the ALJ ultimately dismissed his request for a hearing. *Id*. The Ninth Circuit noted that if a claimant refuses to attend a hearing, either personally or through counsel, he is not entitled to judicial review of a dismissal for failure to attend. *Id*. at 1087 (citation omitted). It continued that "it does not follow that because a claimant who refuses to participate in a hearing forfeits judicial review, a claimant who appears at a scheduled hearing through counsel and seeks a continuance

also forfeits review." *Id*. The Court held that "when a claimant has appeared before the ALJ and sought a continuance of his or her hearing, and when the ALJ's decision denying the claim is final except for modification or reversal on appeal, claimant has had a hearing within the meaning of § 405(g)." *Id*. According to the Commissioner, the discussion in *McNatt* has no bearing on this case because the issue here is not whether plaintiff or her representative appeared at the hearing. Indeed, no such hearing was ever scheduled, because plaintiff failed to request one in a timely fashion in the first place.

    Plaintiff also apparently believes that she was mislead by the Agency into believing that the hearing as to good cause would, in fact, be on the subject of whether her child was eligible for benefits. The Commissioner acknowledges that the hearing notice did incorrectly indicate that the hearing would be on the subject of disability. (Tr. 40-44). However, the Commissioner points out that plaintiff's counsel gave no indication at the hearing that he or his client were unaware that good cause for not timely filing a request for a hearing was at issue. (Tr. 18-26). And, plaintiff was apparently prepared to, and did in fact, offer testimony on that topic. (Tr. 21-26). Regardless, the Commissioner maintains that any defect in the notice could not serve to transform an optional hearing into a hearing required by statute.

III.   **ANALYSIS AND CONCLUSION**

Title 42 U.S.C. § 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision; and (3) filing of the action in an appropriate district court. *Weinberger v. Sayfi*, 422 U.S. 749, 763-64 (1975).  The accompanying regulations explain that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision.  20 C.F.R. § 416.1400(a).  First, a claimant applies for benefits and receives an initial determination and, if dissatisfied with this determination, the claimant may request reconsideration.  Second, if dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ.  Third, if the claimant is dissatisfied with the ALJ's decision, the claimant must request that the Appeals Council review the decision.  Finally, the Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner or it may grant the request for review and issue its own decision, which then becomes the final decision of the Commissioner.  The claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within 60 days after receiving notice of the appeals council's action.  20 C.F.R. §§ 416.1400(a)(5); 422.210.

Here, plaintiff's path stopped at step two, because she did not file a timely request for a hearing with the ALJ. Rather, the ALJ held a hearing on the issue of whether plaintiff had shown good cause to file her request for a hearing in an untimely fashion. The ALJ concluded that she did not and denied the request for hearing. Plaintiff claims that because a hearing was actually held, she satisfies the requirements of § 405(g) and may proceed to judicial review. In the view of the undersigned, plaintiff is incorrect. The Commissioner correctly notes that the regulations do not require the ALJ to conduct a hearing on the issue of "good cause." *Banks v. Comm'r of Soc. Sec.*, 949 F.Supp. 264, 267 (D.N.J. 1996), citing *Coffey v. Schweiker*, 559 F.Supp. 1375 (D. Kan. 1983). Thus, the decision at issue here falls squarely into *Califano v. Sanders*, 430 U.S. 99 (1977) and its progeny, which conclude that where a hearing is *not required*, judicial review of the resulting decision is *not permitted*.

In *Califano*, the Supreme Court concluded that § 405(g) cannot be read to authorize judicial review of allegations of abuses of agency discretion in refusing to reopen claims for social security disability benefits. Other courts have concluded, relying on *Califano*, that whether a decision not to reopen is made following a hearing or not, the analysis regarding judicial review remains the same. *Jones v. Apfel*, 2001 WL 530698, *7 (S.D. Ala. 2001); *Latona v. Schweiker*, 707 F.2d 79, 80-81 (2nd Cir. 1983) (The plaintiff's literal interpretation of section

405(g)was rejected by *Sanders*, which excluded from the scope of section 405(g) all decisions that were *not required* to be preceded by a hearing, whether or not they were in fact preceded by a hearing.); *see also White v. Schweiker*, 725 F.2d 91, 93 (10th Cir. 1984) ("All circuits that have considered the question after *Sanders* have held that a decision of the Social Security Administration (SSA) not to reopen is unreviewable, whether or not the SSA held a hearing on whether good cause for the late filing was shown."); *Dozier v. Bowen*, 891 F.2d 769, 771 (10th Cir. 1989) (The bar to review in *Califano* exists "whether or not the [Commissioner] held a hearing on whether good cause for the late filing was shown.").

There seems to be no reasoned basis for treating the present circumstance (a delayed request for a hearing) any differently than a request to reopen a hearing. As acknowledged by plaintiff, the Sixth Circuit has specifically held that a decision to deny a hearing request made without a hearing does not fall within the purview of § 405(g). *Hilmes v. Sec'y of Health and Hum. Serv.*, 983 F.2d 67, 69 (6th Cir. 1993). Plaintiff offers no persuasive legal basis to conclude that even if a hearing is given regarding good cause, such a decision is reviewable under § 405(g). The Sixth Circuit's holding in *Hilmes* and other similar cases was not dependant entirely on the lack of a hearing being held. Rather, the issue before the courts in these cases was whether, hearing or not, the decision below was one on

the merits or merely a procedural issue. For example, in *Urena v. Comm'r of Soc. Sec.*, 2003 WL 21702285, *2 (S.D.N.Y. 2003), the court held that, even though a hearing was held on the issue of good cause and the ALJ ultimately concluded that the plaintiff had not established good cause and dismissed the request for a hearing, the decision was not reviewable by the courts because it was not on the merits of the claim. *See also Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983) (stating that a SSA Appeals Council dismissal predicated on a procedural default "is not reviewable by the district court because it is not a 'final decision' under § 405(g)"); *Uvalles v. Astrue*, 2012 WL 967999 (N.D. Cal. 2012) (Motion to dismiss granted after ALJ hearing held on good cause for untimely request for a hearing and ALJ determined that no good cause existed for failure to timely request hearing.); *Watters*, *supra*. Other courts have pointed out that a belated request for a hearing must be treated as a request for extension of time to request a hearing, and the regulations explicitly provide that an administrative action denying a request to extend the time period in which a hearing may be requested is *not* a determination subject to judicial review. *Maiden v. Barnhart*, 450 F.Supp.2d 1, 3 (D.D.C. 2006). Contrary to plaintiff's argument, nothing in *McNatt* undermines these cases or the conclusions reached therein. The present circumstances – where plaintiff and her attorney participated in a hearing on the issue of good cause – is nothing like that in *McNatt*, where the attorney appeared

without the claimant and requested the hearing to be rescheduled.

As to plaintiff's claim that the notice of hearing was misleading because it failed to indicate that good cause was the subject of the hearing, the Commissioner's point that plaintiff and her attorney did not object to the subject matter of the hearing and she and her attorney appeared to be prepared to address good cause at the hearing, is well taken. Plaintiff seems to be making some sort of due process argument. To the extent that plaintiff claims the notice of hearing was somehow defective, she has not established any reliance on the alleged defect. As the Tenth Circuit explained in *Rosenbarker v. Barnhart*, 42 Fed.Appx. 270 (10th Cir. 2002), in order to establish standing to raise such a constitutional claim, "a plaintiff must demonstrate reliance on the allegedly defective denial notices." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "[M]ere receipt of an allegedly defective denial notice is [in]sufficient to establish standing." *Id*. Just as in *Rosenbarker*, plaintiff here has presented no evidence of reliance. That is, plaintiff has not offered any evidence that the failure to file a timely request for review was the result of the allegedly defective notice. Thus, just as in *Rosenbarker* and *Gilbert*, because plaintiff failed to demonstrate reliance, she lacks standing to maintain a constitutional claim.

## IV.    RECOMMENDATION

For the reasons set forth below, the undersigned **RECOMMENDS** that

defendant's motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: November 26, 2012                         s/Michael Hluchaniuk
                                                Michael Hluchaniuk
                                                United States Magistrate Judge

## CERTIFICATE OF SERVICE

     I certify that on November 26, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Joshua L. Moore, Laura A. Sagolla, AUSA, and the Commissioner of Social Security.

                                                s/Darlene Chubb
                                                Judicial Assistant
                                                (810) 341-7850
                                                darlene_chubb@mied.uscourts.gov