UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA MITCHELL,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

Case No.  11-15592

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MICHAEL HLUCHANIUK

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS [6] AND REMANDING TO ADMINISTRATIVE LAW JUDGE

On November 26, 2012, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") [10] recommending that Defendant's Motion to Dismiss [6] be granted. Plaintiff filed an Objection [11] on November 29, 2012.

For the reasons stated below, Defendant's Motion to Dismiss is DENIED and this case is REMANDED to the Administrative Law Judge for a rehearing on Plaintiff's application for SSI benefits.

### I. Factual Background

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R in full.

### II. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo.  See* 28 U.S.C. §636(b)(1)(c).

In considering a motion to dismiss, all well-pled allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). To survive a motion to dismiss or for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When they are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

In reviewing an Administrative Law Judge's ("ALJ") decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405-06 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

### III. Analysis

Plaintiff provides a number of objections to the R&R. While all of the arguments made by Plaintiff in her objection were made before the Magistrate Judge and are discussed in the R&R, the Court reviews them *de novo*.

### A. Court's Jurisdiction

Defendant's primary argument is that this Court lacks subject-matter jurisdiction because no "final decision" has been made by the Commissioner as required to permit review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). As noted by Defendant, a determination by an ALJ that a request for a rehearing is not timely is "unreviewable absent a constitutional concern." *Hilmes v. Sec'y of Soc. Sec.*, 983 F.3d 67, 69-70 (6th Cir. 1993). Plaintiff, relying on *McNatt v. Apfel*, 201 F.3d 1084 (9th Cir. 2000), argues that when a plaintiff appears before an ALJ and seeks a continuance on a rehearing, an ALJ's decision to deny the rehearing is a "final decision" according to the statute. Plaintiff also argues that Defendant has denied her her right to due process.[1]

*McNatt* is not applicable in this case. In *McNatt*, the United States Court of Appeals for the Ninth Circuit found that the ALJ's decision to deny a continuance in a hearing was a "final decision" because of underlying constitutional issues, specifically, the ALJ's failure to follow the Commissioner's own procedures, leading to a violation of procedural due process. *See Califano v.*

---

[1]Defendant states that "Plaintiff does allege that the Agency's motion to dismiss constitutes a violation of due process under the Constitution . . . [h]owever . . . the constitutional exception only applies to alleged procedural flaws in the Agency's administrative decisionmaking process." Def.'s Reply [8] at p. 3 n.2. This is a mischaracterization of Plaintiff's Response [7] which clearly argues that Plaintiff's due process rights have been violated by Defendant's overall denial of Plaintiff's SSI claim, and makes no reference to Defendant's *motion* somehow denying Plaintiff due process, which appears to be Defendant's implication.

*Sanders*, 430 U.S. 99, 109 (1977) (holding that "when constitutional questions are in issue, the availability of judicial review is presumed").

However, as noted above, jurisdiction is available to this Court to review the decision of the ALJ if "constitutional questions are in issue." Procedural due process is defined as the requirement that a person be afforded "some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Here, the ALJ followed the Commission's procedures in providing the Plaintiff an opportunity for a hearing on her SSI claims. In addition, though not required by regulation to do so, the ALJ permitted an additional hearing on the issue of Plaintiff's untimely request for a rehearing. Thus, the ALJ afforded Plaintiff procedural due process.

However, the Court must also consider whether Plaintiff was denied substantive due process. Substantive due process is often defined as "the right not to be subject to 'arbitrary or capricious' action . . . either by legislative or administrative action . . . ." *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1217 (6th Cir. 1992). In this case, it appears that Plaintiff was unrepresented in her original hearing before the ALJ. Plaintiff then missed the 60-day deadline to file for rehearing by approximately 60 days.[2] Upon filing for rehearing, Plainitff had obtained counsel.

The ALJ permitted a hearing on Plaintiff's request for an extension of time to file for rehearing. At the hearing, Plaintiff provided two interrelated explanations for her lateness in filing the request for rehearing. First, she stated that she did not know that do in terms of filing for rehearing, and was unaware of her ability to file for rehearing until she spoke to a lawyer in October

---

[2]Although Plaintiff did not file for rehearing until 65 days after the notice of decision in her original hearing was mailed, it appears to be standard procedure to allot five days for delivery of the notice. Accordingly, the Court adopts this reasoning and finds that Plaintiff missed the deadline by approximately 60 days after she received the notice.

(Plaintiff filed her request for rehearing on October 21). Second, Plaintiff stated that the reason she did not call the SSI office for assistance was because she was dealing with her son's illness. Specifically, as to her son's (the claimant's) health issues, Plaintiff testified that:

> A   At the time he was getting his breathing treatments. On a daily, he would have episodes where he would just turn blue and become limp, so I had to watch him closely on that. He was deaf. It was basically a week daily but weekly it was hectic. My days became hectic during the week.
>
> Q   And why were they hectic? Why? What was going on?
>
> A   During the week he would see the cardiologist, the audiologist, the hypertension specialist. I would have to deal with him getting sick a lot.
>
> Q   Has he gone into the hospital?
>
> A   He was going to the emergency, his doctor's, his regular doctor's appointments and, like I say, the specialist that he was dealing with.
>
> Q   Okay. And did you feel that –
>
> A   He was also hospitalized several times, sir.
>
> Q   Okay. That's all, Your Honor.

R. 24-25.

The ALJ's dismissal of Plaintiff's request for rehearing does not address Plaintiff's testimony concerning her son's illness. The sum total of the ALJ's analysis is that Plaintiff "stated . . . she did not understand what to do, so she did nothing and was too busy to call the SSI office." R. at 8. The ALJ then concluded that Plaintiff had not established good cause pursuant to the factors listed in 20 C.F.R. § 416.1411. However, 20 C.F.R. § 416.1411 states the following:

> (b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:
>
> (1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.
> (2) There was a death or serious illness in your immediate family.

According to Plaintiff's testimony, during the period when she should have filed for rehearing on behalf of her minor son, her son was seriously ill and his care required her attention. However, the ALJ appears not have considered this factor, stating that Plaintiff was merely "too busy to call the SSI office."

Arbitrarily disregarding the factors laid out by 20 C.F.R. § 416.1411 constitutes a violation of Plaintiff's right to substantive due process, as it would represent "arbitrary and capricious" action on the part of the Commissioner. Further, the ALJ appears to have applied the wrong legal standard in ignoring one of the factors listed in 20 C.F.R. § 416.1411. As such, the Court finds that Plaintiff has sufficiently alleged a constitutional issue such that the Court may exercise subject-matter jurisdiction over this case.

Accordingly, for the reasons stated above, it is **HEREBY ORDERED** that Defendant's Motion to Dismiss [6] is **DENIED**.

The Court finds, based upon the record, that the ALJ incorrectly applied the law in failing to take into account the factors set out in 20 C.F.R. § 416.1411 in his decision not to grant a rehearing on Plaintiff's application for SSI benefits for her son. Accordingly, the Court **REMANDS** to the ALJ with instructions to grant a rehearing on the decision to award SSI benefits.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 13, 2013                    Senior United States District Judge